STANISLAS VALOIS *vs.* WILFRED PELLETIER.

APRIL 19, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This is another action of the case in assumpsit by the same real estate broker against the same defendant as in Stanislas Valois v. Wilfred Pelletier, Ex. No. 9541 to recover a commission on the sale of certain other parcels of real estate of the defendant. The case is here on the plaintiff's exception to the decision of a justice of the superior court in favor of the defendant.

It appears from the evidence that plaintiff had an agency agreement with defendant to sell such parcels of real estate on a commission of five per cent of the purchase price. This agreement was not in writing but plaintiff testified that it gave him the exclusive right to sell until it was terminated by defendant. In accordance with such conception of the agreement plaintiff incurred considerable expense in advertising the real estate in the newspapers and also conducting "open house" on the premises. Without first giving plaintiff notice of termination of the agreement defendant sold two parcels through the medium of another real estate broker to whom he paid a commission.

The defendant did not deny such fact nor that he had given plaintiff authority to sell on commission, but he did positively deny that he had given him an exclusive right to sell, or even an exclusive agency. He testified that plaintiff had asked for such authority and he replied he would not give it to him or anybody else as he had had an unfortunate experience with other brokers to whom he had given such authority and he was not going to repeat it. He further testified that he told plaintiff he could try to obtain purchasers and if he produced any who were able to buy at the price asked he, defendant, would pay a five per cent commission on the sale, and that he would do the same for anyone else who produced such a purchaser. There was also testimony from the broker who made the sale that the existence of an exclusive right to sell in the plaintiff would have been known to such broker according to the custom of real estate brokers in Woonsocket and northern Rhode Island where the sale was made and that he knew of no such right in plaintiff. The same witness also testified that he and plaintiff were friends and that at no time did plaintiff inform him that he had an exclusive right to sell.

It is not necessary, in our opinion, to refer any further to the testimony. From what is related above it is obvious that this is another of those cases where the trial justice was forced to choose between two sharply conflicting stories of the parties. In deciding which of the two was the more credible he had the marked advantage over this court of hearing the parties as they testified and noting their demeanor on the witness stand. Unless the transcript clearly shows that he was mistaken in his judgment of the credibility of the witnesses his decision in such circumstances cannot be disturbed. *Loughran* v. *DelSanto,* 79 R. I. 150.

Our perusal of the transcript fails to disclose any such clear mistake of judgment. On the contrary it seems to us that there is support in the evidence for the view taken by the trial justice that plaintiff had failed to prove by a fair

preponderance that he had an exclusive right to sell or even an exclusive agency. In the absence of such proof the trial justice did not err in rendering his decision for the defendant.

The plaintiff's exception to the decision is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Omer A. Sutherland,* for plaintiff.

*Irving I. Zimmerman,* for defendant.